**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SHAKETA MOORE,**

    **Plaintiff,**

                            **Case Number:**

**v.**

**GENPACT LLC.,**

    **Defendant.**

_____/

**COMPLAINT & JURY DEMAND FOR JURY TRIAL**

Plaintiff, Shaketa Moore, sues Defendant, Genpact LLC, for violating the Family Medical Leave Act and Florida's Civil Rights Act. This is action for an amount that exceeds $81,853.57, exclusive of attorney's fees, interest, and costs. In further support of this complaint, Plaintiff states as follows:

<u>Parties and Jurisdiction</u>

1.    Plaintiff is a resident of Duval County, Florida.

2.    Defendant is a for profit corporation headquartered in New York, New York.

3.    Defendant is incorporated in Bermuda.

4.    Defendant operates and maintains professional services firm in Jacksonville, Florida.

- 1 -

5.     Defendant conducts business in, among other places, Duval County, Florida.

6.     Defendant employed Plaintiff in its offices located in Duval County, Florida.

7.     Defendant is an employer as defined by the Family and Medical Leave Act ("FMLA").

8.     Defendant is an employer as defined by Florida's Civil Rights Act ("FCRA").

9.     Defendant employs more than fifty (50) persons within a seventy-five (75) mile radius of its Duval County, Florida location.

10.    The Court has jurisdiction as the unlawful employment practices took place in Duval County, Florida.

11.    This civil action is premised upon violations of the FMLA, and the Court has supplemental jurisdiction over Plaintiff's FCRA claims.

<u>Factual Allegations</u>

12.    Plaintiff is a qualified female who was employed by Defendant during the two years prior to this action.

13.    On or about March 18, 2020, Defendant hired Plaintiff as a content analyst.

14.     On or about May 18, 2020, Plaintiff informed her manager that she was pregnant and that her pregnancy was complicated and of the "high risk" variety and that Plaintiff would need medical leave in the future.

15.     On May 20, 2020, Ms. Gomez provided Plaintiff with leave request forms that Plaintiff would need to complete in order to formally request requesting medical leave from work pursuant to the FMLA and FCRA.

16.     Within days, Plaintiff caused her medical provider to complete Defendant's medical leave request forms.

17.     On the medical leave request form, Plaintiff's medical provider indicated that Plaintiff has a physical condition that caused functional impairment. Plaintiff's medical provider specified that Plaintiff suffered from pregnancy related illness where she would need to have time off from work. More specifically, Plaintiff's medical provider said Plaintiff would need 2-8 hours off from work, per episode. Finally, Plaintiff's medical provider opined that the leave would not be necessary after November 17, 2020.

18.     Once the forms were completed, Plaintiff emailed Defendant copies of the completed medical leave forms signed by Plaintiff's medical provider.

19.    Specifically, Plaintiff emailed the completed medical release forms to Ms. Gomez, "Genpact.accommodations@genpact.com," and LeaveManagement.benefits@genpact.com; which were the email addresses provided to Plaintiff by Ms. Gomez.

20.    Plaintiff did not receive any response from Defendant after submitting her request for intermittent FMLA leave and/or reasonable accommodation.

21.    On or about June 5, 2020, Plaintiff followed up with Ms. Gomez to check the status of her FMLA and accommodation request.

22.    Ms. Brandy Cooper, district Manager, then provided Plaintiff with a telephone number for Lincoln Financial (FMLA administrator) so that Plaintiff could get a status update on her FMLA and reasonable accommodation request.

23.    Plaintiff immediately contacted Lincoln Financial but did not receive a substantive update.

24.    Several days later, in June 2020, Ms. Cooper issued Plaintiff a "coaching" for Plaintiff's performance.

25.    On July 8, 2020, Plaintiff received a letter from Lincoln Financial stating that Plaintiff's request for intermittent FMLA leave had

been denied because Plaintiff had not met the required number of service months.

26.    The next day, on July 9, 2020, Ms. Gomez and Ms. Cooper called Plaintiff into a meeting to discuss an alleged performance issue that occurred in June 2020. Defendant never discussed this issue with Plaintiff in June 2020, even though Plaintiff met with Ms. Cooper in June 2020 to discuss performance. Additionally, Defendant did not discuss termination with Plaintiff during the June 2020 meeting.

27.    On July 10, 2020, Plaintiff was placed into a two-day training, along with other employees and completed a test which she did not pass.

28.    On July 28, 2020, Defendant terminated Plaintiff's employment on the pretextual reason that Plaintiff did not pass the July 10, 2020, test.

29.    Other employees, without disabilities, who did not pass the July 10, 2020, test were not terminated.

30.    Other employees, who did not request FMLA leave, who did not pass the July 10, 2020, test were not terminated.

31.    But for Plaintiff's request for a reasonable accommodation, Defendant would not have terminated her employment.

32.    But for Plaintiff's request for FMLA leave, Defendant would not have terminated her employment.

33.    Defendant is a knowledgeable and sophisticated employer regarding the FMLA and utilizes and outside benefits administrator to assist with FMLA leave.

34.    At the of Plaintiff's hire, Defendant did not know Plaintiff was pregnant or suffered from a pregnancy related disability.

35.    At the time of Plaintiff's hire, Defendant did not know of Plaintiff's need for FMLA leave.

36.    After Plaintiff made Defendant aware of Plaintiff's desire to take leave under the FMLA and/or Florida's Civil Rights Act, Defendant desired to terminate Plaintiff to avoid accommodating Plaintiff and granting her leave.

37.    Defendant never accommodated Plaintiff by allowing her occasional time off from work relating to her disability.

38.    Plaintiff's request for accommodation, 2-8 hours off from work per episode for a period of six months was reasonable and would not have caused undue hardship of Defendant.

39.    Nonetheless, Defendant failed, refused and neglected to accommodate Plaintiff.

40.    Within 24 hours of Plaintiff's FMLA request being denied, Defendant began its nefarious plan to punish Plaintiff for requesting leave under the FMLA.

41.    Defendant did so by immediately "coaching" Plaintiff for an event that had occurred over a month prior and had not been discussed prior to Plaintiff's FMLA request denial.

42.    On July 28, 2020, Defendant issued Plaintiff a final blow of retaliation by terminating her employment with extreme prejudice and without cause.

43.    Defendant's desire to punish Plaintiff due to her FMLA and medical leave requests is made clear by the nearly immediate disciplinary action taken against Plaintiff following the denial of Plaintiff's FMLA leave request.

44.    Defendant willfully terminated Plaintiff's employment to punish Plaintiff for requesting leave under FMLA and to prevent Plaintiff from taking any future medical leave under Florida's Civil Rights Act.

45.    Plaintiff is a qualified individual with a disability was entitled to a reasonable accommodation under Florida's Civil Rights Act.

46.    Plaintiff's request for a reasonable accommodation under Florida's Civil Rights Act was not evaluated or considered by Defendant.

47.     Defendant did not engage in the interactive process with Plaintiff to identify reasonable accommodations.

48.     Prior to Plaintiff informing Defendant that she was pregnant and had a pregnancy related disability, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger or that Plaintiff was at risk of losing her job. Otherwise stated, Plaintiff had no reason to fear for her job immediately prior to informing Defendant that she was had a pregnancy related disability, and Plaintiff had no reason to believe she would be terminated by Defendant.

49.     Prior to Plaintiff requesting FMLA leave, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger or that Plaintiff was at risk of losing her job. Otherwise stated, Plaintiff had no reason to fear for her job immediately prior to informing Defendant that she needed FMLA leave, and Plaintiff had no reason to believe she would be terminated by Defendant.

50.     Defendant employed at all material times at least 50 employees within a 75-mile radius of its headquarters at 18 People's Trust Way, Deerfield Beach, Florida 33441.

51.     The FMLA requires qualifying employers with at least 50 employees within a 75-mile radius to provide up to 12 weeks of job-

protected leave to full-time employees who have delivered or adopted a child. Covered employers are prohibited from denying, interfering with, or taking retaliatory measures in connection with an employee's rights under the FMLA.

52.    Defendant intentionally retaliated against Plaintiff, by terminating her, because Plaintiff requested FMLA leave.

53.    Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorney's fees and liquidated damages.

54.    Defendant willfully violated the FMLA because Defendant is a sophisticated employer with a human resources department.

55.    Defendant acted in reckless disregard of its duties under the FMLA. Defendant terminated Plaintiff's employment based on a pretextual allegation that Plaintiff's did not pass a required test. However, Defendant did not fire other employees who took the test at the same time as Plaintiff and failed the test.

56.    Defendant did not have a legitimate reason to terminate Plaintiff and Defendant violated the FMLA by retaliating against Plaintiff for advising Defendant, in good faith, of her serious medical condition and need for medical leave.

57.     Prior to bringing this action, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Florida's Commission on Human Relations. Thus, Plaintiff has complied with all necessary administrative prerequisites.

## **COUNT I- FMLA RETALIATION**

58.     Plaintiff hereby reincorporates all paragraphs 1-57 herein and states as follows.

59.     Plaintiff was employed by Defendant and was pregnant during her employment and that Plaintiff's pregnancy was complicated and high risk.

60.     Plaintiff informed Defendant of her intention to take FMLA leave relating to her serious medical condition.

61.     Plaintiff's completed Defendant's leave request form and requested leave under the FMLA.

62.     Plaintiff's request for leave was made in good faith and was a protected activity.

63.     Defendant terminated Plaintiff's employment following Plaintiff's request for FMLA leave.

64.     Defendant terminated Plaintiff's in retaliation for Plaintiff requesting FMLA leave.

65.     If Plaintiff would not have informed Defendant that she intended to take FMLA leave, Defendant would not have terminated Plaintiff's employment.

66.     Plaintiff was damaged emotionally and financially by Defendant's termination of her employment.

## COUNT II- FCRA RETALIATION

67.     Plaintiff hereby reincorporates all paragraphs 1-57 herein and states as follows.

68.     Plaintiff was employed by Defendant and was pregnant during her employment.

69.      Plaintiff's pregnancy was complicated and high risk and caused a serious medical condition.

70.     Plaintiff informed Defendant of her intention to take disability leave relating to her serious medical condition.

71.     Plaintiff's completed Defendant's leave request form and requested leave under the FCRA.

72.     Plaintiff's request for leave was made in good faith and was a protected activity.

73.     Defendant terminated Plaintiff's employment following Plaintiff's request for FCRA leave.

74.     Defendant terminated Plaintiff's in retaliation for Plaintiff requesting FCRA disability leave.

75.     If Plaintiff would not have informed Defendant that she intended to take FCRA disability leave, Defendant would not have terminated Plaintiff's employment.

76.     Plaintiff was damaged emotionally and financially by Defendant's termination of her employment.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorney's fees and other relief permitted by law.

DATED this 14th day of June, 2022

**Respectfully,**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com